[No. 19377.  Department One.  March 26, 1926.]

# W. J. LAING, *Respondent*, v. FIRST NATIONAL BANK, *Appellant*.[1]

[1] BANKS AND BANKING (26)—SPECIAL DEPOSITS—SUFFICIENCY OF EVIDENCE. Whether two checks were deposited in a bank as a special deposit, is a question for the jury, on flatly conflicting testimony from which the jury could have found that the depositor notified the bank, before the deposits were made, of their special purpose, and that the bank, after cashing one of them without authority, promised to rectify the matter.

[2] APPEAL (464)—HARMLESS ERROR—REFUSAL OF REQUESTED INSTRUCTIONS. It is not prejudicial error to fail to give instructions that would have been proper upon the question of the making of a separate agreement between the parties which was at best only evidentiary of the agreement in issue and properly treated as such.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered February 5, 1925, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Pettijohn & McCallum* and *W. M. Nevins*, for appellant.

*F. A. McMaster*, for respondent.

ASKREN, J.—This action was brought to recover the amount of two checks drawn on the defendant bank, which were dishonored when presented for payment. From a judgment in favor of plaintiff, entered upon the verdict of a jury, the defendant has appealed.

The facts shown by respondent's evidence are as follows: One August Giese was a depositor and debtor of the appellant bank. His crop of wheat was also mortgaged to it. About the middle of December, 1923, he notified the officer in charge of the bank that he had

[1]Reported in 244 Pac. 679.

two outstanding accounts that he was required to pay, one to respondent herein, and one to the Ruff Hardware Company; that he desired to deposit $752.20 for the purpose of paying these two bills; that the amount would not be quite sufficient, but that in a day or two he would deposit the balance to cover the checks; that four days later there was deposited to his account the sum of $607.36. At the time this last deposit was made, his attention was called to the fact that he had an outstanding bill for $576.05, the payment of which the bank had guaranteed. Thereupon the bank requested Giese to give them a check for the amount, with the understanding that the check should be held until the returns from his wheat came in. On the 20th, the wheat money was received, and Giese learned that the bank had, without authority, cashed the check for $576.05, which left him insufficient funds in his account to pay the two checks theretofore issued. Upon protesting to the cashier of the bank, he was told that sufficient money would be taken from the wheat account and deposited to his general account to take care of the two checks, and that they would be paid in the regular course of business. They were not paid, and this suit followed.

Two questions are presented upon this appeal. These are stated by appellant to be, first, whether the money so deposited became a special deposit; and secondly, whether Giese had any right to require that a portion of the wheat money should be applied to the payment of these bills.

[1] The answer to the first question rests on a careful perusal of all of the evidence. It would serve no useful purpose to detail all the evidence adduced upon the question as to whether or not the amounts deposited on December 15, and December 19, were special deposits. Giese gave direct testimony that he notified the cashier before the deposits were made and told him

the purpose of them. He further testified that, on December 20, after finding that the check for $576.05 had been cashed, the cashier promised to rectify the matter by taking a sufficient amount out of the wheat check to cover these outstanding checks. There was testimony by the respondent of a conversation had with the cashier after the checks were dishonored, from which the jury could well infer that Giese's testimony regarding the deposit of the money, and the purposes for which it was deposited, was true. The testimony of both Giese and respondent was flatly contradicted by the witnesses for the bank. The bank did not carry these amounts as a special deposit upon its books, and there were, also, some checks issued by Giese upon his account which tended to raise the question as to whether he considered the amounts as a special deposit. There was such a conflict in the testimony as to make it a matter for determination by the jury. The court would not have been justified in saying, as a matter of law, that the deposit was not a special deposit, and the verdict of the jury on that question could not be set aside so long as there was any evidence or reasonable inference from evidence to sustain the verdict.

[2] The second question presented by appellant is somewhat involved. The court required an amended complaint to be filed separately stating the causes of action. The first cause of action was for $780.15, due on the Laing check; the second cause of action was for $76.30, due on the Ruff Hardware Company check, which had been assigned to respondent.

In pleading these causes of action, the agreement of December 15 to make a special deposit was pleaded, and there was also pleaded the further fact that, on the 20th of December, the bank had agreed to take a

portion of the wheat money and apply it to Giese's general account, to rectify the mistake in cashing the previous check which was to be held. When the court instructed the jury upon this question, it told them that their determination was to be based upon the question of whether or not the contract or agreement between Giese and the bank, of December 15, had been entered into. While the court did not expressly strike from the jury's consideration the question of the agreement of December 20, yet we think the jury must have so understood the court. The facts concerning the conversation on December 20 were at best only evidentiary of the agreement of December 15, and we think should be treated as such.

Appellant's requested instructions, which the court refused, had to do with the authority of the officers of the bank, and Giese, with reference to the disposition of the wheat money, which, as we have seen, was covered by chattel mortgage. Instructions along this line would have been proper if the court had instructed upon the question of a separate agreement on December 20, but inasmuch as the court evidently considered the statements made on December 20 as merely a portion of the original contract, or as evidentiary thereof, we think that no harm could have resulted from the failure to give these instructions.

Judgment affirmed.

TOLMAN, C. J., HOLCOMB, FULLERTON, and MITCHELL, JJ., concur.